DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant, William Jenkins, appeals from his convictions in the Summit County Court of Common Pleas, assigning error only to his sentence. We affirm.
 {¶ 2} The facts of the underlying crime in this case are not at issue. On November 30, 2005, Defendant was convicted of two counts of endangering children and one count each of obstructing official business, attempted tampering with evidence, and falsification. He was sentenced to a total of nine years, which included the sentences for endangering children at more than the minimum level and to be served consecutively with each other and with the sentences for the other offenses. Defendant appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court erred in imposing consecutive sentences and a non-minimum prison term."
 {¶ 3} Defendant challenges his sentence insofar as he was sentenced to more than the minimum prison term and ordered to serve some of his sentences consecutively. Although Defendant mentions that Ohio's sentencing statutes have been found unconstitutional in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, which was decided a few days before he filed his brief, he does not assert that he was deprived of his right to trial by jury by the relevant sentencing statutes. In fact, his one-sentence reference to Foster at the end of his brief fails to articulate any sort of constitutional argument and this Court is not inclined to make his argument for him.
 {¶ 4} Not only does Defendant fail to make a Foster
argument, but his entire argument is premised on statutory requirements that were struck down in Foster. Defendant's argument is that the trial court failed to comply with the requirements of R.C. 2929.14, R.C. 2929.12, and R.C. 2929.19, as explained in State v. Comer, 99 Ohio St.3d 463. Specifically, he faults the court for failing to make the statutorily-required factual findings before imposing more than the minimum sentence and consecutive sentences. In State v. Foster, 109 Ohio St.3d at paragraphs two, three, four, and seven of the syllabus, the Ohio Supreme Court struck down those portions of the sentencing statutes that require judicial fact-finding before the imposition of consecutive and more than minimum sentences. Consequently, Defendant's argument is without merit and his sole assignment of error is overruled.
 {¶ 5} Defendant's assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.