DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Floyd M. Sawyer has appealed from the sentences imposed by the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On July 5, 2005, pursuant to a plea agreement Defendant-Appellant Floyd M. Sawyer entered guilty pleas to one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree. The trial court accepted Appellant's guilty pleas and found him guilty of the above crimes. The trial court continued the matter for sentencing.
 {¶ 3} On July 18, 2005, the trial court sentenced Appellant to a term of eight years in prison for the aggravated robbery conviction and a term of five years in prison for the kidnapping conviction; said terms were ordered served consecutively to each other.
 {¶ 4} Appellant has appealed his sentences, asserting two assignments of error.
 II Assignment of Error Number One
"APPELLANT'S SENTENCE FOR AGGRAVATED ROBBERY IS DISPROPORTIONATE TO THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CRIME WAS SIMILAR OR MORE SERIOUS SUCH THAT THE APPELLANT MUST BE GIVEN A SENTENCE IN LINE WITH OHIO REVISED CODE § 2929.11(B)."
 {¶ 5} In his first assignment of error, Appellant has argued that his sentence for aggravated robbery is not proportionate to other similarly situated defendants. Specifically, Appellant has attached part of a newspaper article regarding a man who robbed a gas station at knife point.
 {¶ 6} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See also, App.R. 16(A)(7); Loc.R. 7(B)(7). Pursuant to App.R. 16(A), an appellant's brief shall include the following:
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(B)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(B)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error[.]"
 {¶ 7} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336, at 6. Further, this Court may disregard arguments if the appellant fails to identify the relevant portions of the record on which the errors are based. See App.R. 12(A)(2); Loc.R. 7(F).
 {¶ 8} In the instant matter, Appellant has argued that the trial court erred in sentencing him to a term of eight years incarceration for his aggravated robbery conviction. He has failed to include in this assignment of error any pertinent references to the record or argument in support of his assignment of error. While Appellant has generally argued that his sentence was not proportionate to other similarly situated defendants, he has not provided any support for that argument. Appellant attached a portion of a newspaper article about a man who also robbed a gas station at knife point and the docketing statement for that case, but he did not provide any reliable evidence concerning the facts of the case or the trial court's basis for its ruling, such as the sentencing journal entry or the sentencing transcript. This Court does not find part of a newspaper article factually or legally persuasive authority on a disproportionate sentence claim. Moreover, Appellant did not provide legal authorities to support his claim that his sentence was disproportionate. A party cannot simply make a statement, point to part of a newspaper article, and expect this Court to parse out any arguments that may exist.[1]
 {¶ 9} Furthermore, Appellant has failed to provide the information relied upon by the trial court in making its sentencing determination in the instant matter. Pursuant to Loc.R. 5(A), it is the appellant's duty "to ensure that the appellate court file actually contains all parts of the record necessary to the appeal." See App.R. 10(A); see, also,Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. The trial court stated that it relied on the record, oral statements, and the victim impact statement when it made its decision. Appellant has argued that no victim impact statement was provided, but the trial court clearly had statements by the victim because they are referenced by the Court and the State also refers to such statements. Moreover, it is clear from the sentencing transcript that the trial court relied on facts contained in the report from the Akron Psycho Diagnostic Clinic stipulated to by the parties on July 5, 2005 when it sentenced Appellant. Because we are without the information used by the trial court to sentence Appellant we must presume regularity in the trial court's proceedings and affirm the trial court's sentence. See Elyria v. Sweeney (Dec. 20, 2000), 9th Dist. No. 00CA007581, at 5, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 10} Based on the foregoing, Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"WHEN IMPOSING CONSECUTIVE SENTENCES IN THIS CASE THE TRIAL COURT DID NOT PROPERLY FOLLOW R.C. § 2929.14(E)(4) AND §2929.19(B) SENTENCING STATUTES AND CLEARLY STATE AND ALIGN EACH RATIONALE WITH THE SPECIFIC FINDING TO SUPPORT THE DECISION FOR CONSECUTIVE SENTENCES[.]"
 {¶ 11} In his second assignment of error, Appellant has argued that the trial court erred in imposing consecutive sentences because it did not follow R.C. 2929.14 and R.C.2929.19. Specifically, Appellant has argued that the trial court failed to make findings in support of its consecutive sentences.
 {¶ 12} On February 27, 2006, the Ohio Supreme Court issuedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and addressed several challenges to Ohio's sentencing guidelines. Relevant to the instant matter, the Foster Court found that the portions of R.C. 2929.14 and R.C. 2929.19 requiring judicial factfinding before the imposition of consecutive sentences were found unconstitutional. Id. at paragraphs one and three of the syllabus. However, the Supreme Court found that those sections were severable and that judicial factfinding was no longer required before the imposition of consecutive prison terms. Id. at paragraphs two and four of the syllabus. As a result ofFoster, Appellant may not base error upon the trial court's failure to make the findings previously required by statute.State v. Jenkins, 9th Dist. No. 23012, 2006-Ohio-2852, at ¶ 4. Accordingly, Appellant's second assignment of error is without merit.
 III {¶ 13} Appellant's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. concur.
[1] This Court has also found that it is not the trial court's duty to research prior sentences when reaching a sentencing decision and that the legislature's goal of R.C. 2929.11(B) was consistency, not uniformity. State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 12. "Consistency * * * requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable." (Citation omitted). Id.