OPINION
{¶ 1} Appellant Robert Davis appeals his felony prison sentence on the basis of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Appellee agrees that if Appellant was sentenced pursuant to the statutory sentencing factors found to be unconstitutional in Foster, then the case should be remanded for resentencing. It is clear from the record that the trial court did rely on unconstitutional sentencing factors, and therefore, the judgment of sentence of the Columbiana County Court of Common Pleas is hereby vacated, and the case remanded for resentencing pursuant to Foster.
 {¶ 2} Appellant was indicted on March 24, 2005, on two counts of rape, pursuant to R.C. § 2907.01(A)(1)(b), being first degree felonies. Appellant was indigent and counsel was appointed for him.
 {¶ 3} Appellant eventually entered a negotiated plea of guilty to the two counts of rape. There was no joint recommendation as to punishment. At the December 2, 2005, sentencing hearing, the state recommended two six-year prison terms, while Appellant's counsel recommended either community control sanctions or the minimum prison term. The trial court sentenced Appellant to two consecutive six-year prison terms on the two counts, based on the sentencing factors found in R.C. §2929.11 et seq. The trial court specifically found that a single prison term would demean the seriousness of the offense. Appellant filed this timely appeal on January 3, 2006.
 {¶ 4} Appellant's sole assignment of error asserts:
 {¶ 5} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE VS. FOSTER,
___ N.E.2d ___, 2006 WL 509549 (Ohio), 2006-Ohio-856 (2006)."
 {¶ 6} While this appeal was pending, the Ohio Supreme Court released Foster, which held that the felony sentencing provisions of the Revised Code relating to nonminimum (R.C.2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive sentences (R.C. 2929.14(E)(4)) are unconstitutional because they require judicial finding of facts not proven to a jury. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, followed.) The reason these statutory provisions are unconstitutional is because the Sixth Amendment of the United States Constitution, made applicable to the states through theFourteenth Amendment, guarantees the right to a trial by jury, which includes the requirement that a jury, rather than the judge who is imposing the sentence, make all factual findings essential to impose punishment for the crimes that form the basis of the conviction. Foster at ¶ 3.
 {¶ 7} It comes to our attention that Appellant does not appear to have raised the Sixth Amendment jury trial issue with the trial court. Some courts have treated the failure to raise the constitutional issue as a waiver of the issue on appeal, at least for cases in which the defendant was sentenced afterBlakely was announced on June 24, 2004. It is our conclusion that the Foster case has created an exception to the doctrine of waiver, and this Court has held that we will not bar the application of Foster due to the doctrine of waiver for defendants who were sentenced after Blakely was released, but before Foster was released, and who failed to raise theBlakely issues during the trial court proceedings. See Statev. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 8} Appellee has conceded that there is reversible error in this case. Since Appellant was sentenced to consecutive and nonminimum sentences under statutes found to be unconstitutional by the Ohio Supreme Court, and because his direct appeal was pending when Foster was released, we hereby vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster.
Donofrio, P.J., concurs.
DeGenaro, J., concurs; see concurring opinion.