OPINION
{¶ 1} Defendant-appellant David Caruso appeals from his sentence entered in the Mahoning County Common Pleas Court. The issue raised in this appeal is based upon the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. For the reasons stated below, the sentence is reversed and vacated and this case is remanded for resentencing.
 STATEMENT OF FACTS {¶ 2} On August 31, 2005, Caruso caused an automobile accident with the victim Elizabeth Berry. Caruso was driving at a high rate of speed weaving in and out of traffic when he crashed his Chevy Blazer into the driver side door of Berry's car causing it to be slammed into a utility pole. (02/16/06 Tr. 9-10). After the accident, Caruso fled the scene. The accident caused Berry to sustain serious long-term injuries.
 {¶ 3} As a result of those actions, Caruso was indicted for violating R.C. 4549.02(A) Failure to Stop After Accident, a fifth degree felony, and R.C. 2903.08(A)(2)(b), Vehicular Assault, a fourth degree felony. Initially Caruso pled not guilty to the offenses. However, on December 23, 2005, Caruso withdrew his previous plea and entered a guilty plea to both charges.
 {¶ 4} Sentencing occurred on February 16, 2006. The trial court found that Caruso committed the worst form of each offense and that he posed the greatest likelihood of committing future crimes. 02/17/06 J.E., 02/16/06 Tr. 13-17. Each finding was supported on the record. As such, Caruso was sentenced to the maximum sentence on both charges; one year for Failure to Stop After Accident and one and a half years for Vehicular Assault. 02/17/06 J.E., 02/16/06 Tr. 18. The court then ordered the sentences to be served consecutively. 02/17/06 J.E., 02/16/06 Tr. 19-21. The trial court made all the appropriate findings in accordance with R.C. 2929.14(E) and provided reasons to support those findings. 02/17/06 J.E., 02/16/06 Tr. 19-21.
 {¶ 5} Caruso timely appeals from that sentence raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 6} "THE IMPOSITION BY THE TRIAL COURT OF PRISON SENTENCES, WHICH WERE MAXIMUM AND ORDERED TO BE SERVED CONSECUTIVELY, ARE VOID BECAUSE THE SAME ARE UNCONSTITUTIONAL IN THAT THEY WERE IMPOSED UPON DEFENDANT/APPELLANT FOLLOWING JUDICIAL FACT FINDING IN VIOLATION OF SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 7} Caruso argues that in light of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, the trial court's imposition of maximum, consecutive sentences was erroneous. The state concedes that error occurred.
 {¶ 8} In Foster, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C.2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 9} The implication of Foster is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at ¶ 104.
 {¶ 10} The Ohio Supreme Court explained:
 {¶ 11} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 12} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105.
 {¶ 13} The Supreme Court further explained in Foster's
companion case State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38, that:
 {¶ 14} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 15} Here, the trial court made both maximum and consecutive sentence findings in accordance with R.C. 2929.14(B) and (E)(4). As those sections have been rendered unconstitutional by the Ohio Supreme Court in Foster, the sentences must be vacated and the cause remanded for resentencing. However, in all fairness, it must be noted that the trial court made findings and provided reasons supporting those findings in accordance with the law as it existed at the time of the sentencing hearing, i.e.Comer. The Ohio Supreme Court's decision in Foster, which significantly altered this area of felony sentencing law, came after the sentencing occurred.
 {¶ 16} As an aside, we note that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio Appellate District Courts of Appeals as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. Previously we have found that the Ohio Supreme Court in Foster and its progeny have created an exception to the doctrine of waiver.State v. Buchanan, 7th Dist. No. 05MA60, 2006-Ohio- ___. Thus, we have found the doctrine of waiver inapplicable to Foster
related cases. Id.
 {¶ 17} In conclusion, given the Ohio Supreme Court's decision in Foster, and the facts of this case, the sentence is reversed and vacated and this case is remanded for resentencing.
Donofrio, P.J., concurs.
Waite, J., concurs.