OPINION
{¶ 1} Defendant-appellant Jacob DiCarlo appeals from the sentence entered by the Mahoning County Common Pleas Court for his conviction of aggravated robbery and felonious assault. The issue in this case is whether the trial court's imposition of maximum consecutive sentences was done in compliance with R.C. 2929.14(E). For the reasons expressed below, we find no merit with DiCarlo's argument and, as such, his sentence is affirmed.
 STATEMENT OF CASE {¶ 2} DiCarlo's first appeal as of right was decided by this court on September 23, 2004. State v. DiCarlo, 7th Dist. No. 02CA228, 2004-Ohio-5118. After disposition of the initial appeal, DiCarlo filed an application for reopening. This court reopened the appeal and limited the appeal to consecutive sentencing issues. 02/08/06 J.E.
 {¶ 3} The facts in this case are identical to the facts in State v.DiCarlo, 7th Dist. No. 02CA228, 2004-Ohio-5118. DiCarlo was found guilty of aggravated robbery, a violation of R.C. 2911.01, and felonious assault, a violation of R.C. 2903.11. The trial court sentenced him to three years for felonious assault, a second-degree felony, and ten years for aggravated robbery, a first-degree felony. The trial court ordered the sentences to be served consecutively.
 ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. DICARLO TO A MAXIMUM, CONSECUTIVE PRISON TERMS WITHOUT MAKING THE NECESSARY FINDINGS AND WITHOUT PROVIDING SUPPORTING FACTS NECESSARY TO SUPPORT SUCH A SENTENCE DURING THE SENTENCING HEARING, AS REQUIRED BY R.C. 2929.14(E)(4) AND 2929.19(B)(2)(c) (e). (SENTENCING Tr. 9; NOVEMBER 26, 2002 JUDGMENT ENTRY)."
 {¶ 5} DiCarlo argues that the sentence imposed did not comply with R.C. 2929.14(E)(4) in that the trial court failed to make the appropriate findings enumerated in that section that are required for the imposition of consecutive sentences. DiCarlo acknowledges the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, however, he contends that "this Court should nonetheless remand and require the trial court to make the findings required by R.C. 2929.14(B) and (E)(4) because severance set forth in Foster would operate as an ex post facto law and because not applying those sections would deny Mr. DiCarlo due process."
 {¶ 6} DiCarlo's assertion is correct that the trial court did not comply with R.C. 2929.14(E) when it sentenced him to consecutive sentences. That said, in Foster, the Ohio Supreme Court rendered this provision unconstitutional because it required judicial findings of fact not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraph three of the syllabus. The Court then went on to hold that that unconstitutional provision could be severed. Id. at paragraph four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 7} However, DiCarlo does not want this court to applyFoster to him. According to him, application of Foster would violate the ex post facto clause. Our sister districts have reviewed an argument similar to the one raised here and have determined that the issue is not ripe for review. The Third Appellate District has explained:
 {¶ 8} "In a supplemental brief, Sanchez essentially argues that remanding the case to the trial court would violate his due process rights because the effect of Foster is to create an ex post facto law. Sanchez argues, under Bouie v. Columbia (1963), 378 U.S. 347, the test is 'whether the late action of the judiciary was unforeseeable at the time of the commission of the offense.' Sanchez argues that theFoster decision did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was a remedy not anticipated. However, these issues are not properly before us because Sanchez has yet to be sentenced." State v. Sanchez, 3d Dist. No. 4-05-47, 2006-Ohio-2141, ¶ 8. See, also, Pitts, 2006-Ohio-2796, ¶ 7.
 {¶ 9} Likewise, the Sixth Appellate District has agreed with the Third District in that the issue is premature. State v. Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12.
 {¶ 10} We agree with the analysis and decisions of our sister districts. The issue of ex post facto is not yet ripe for our review.
 {¶ 11} Accordingly, as Foster has rendered R.C. 2929.14(E) unconstitutional and the ex post facto argument is not ripe for review, we cannot remand this case for resentencing under R.C. 2929.14(E). That said, DiCarlo makes it a point to specifically argue that he does not want Foster to apply to him. Thus, DiCarlo is not making a constitutional sentencing argument in accordance with Foster. Moreover, we decline to make the argument for him. As the Ninth Appellate District has recently explained:
 {¶ 12} "Not only does Defendant fail to make a Foster argument, but his entire argument is premised on statutory requirements that were struck down in Foster. Defendant's argument is that the trial court failed to comply with the requirements of R.C. 2929.14, R.C. 2929.12, and R.C. 2929.19, as explained in State v. Comer, 99 Ohio St.3d 463. Specifically, he faults the court for failing to make the statutorily-required factual findings before imposing more than the minimum sentence and consecutive sentences. In State v. Foster, 109 Ohio St.3d at paragraphs two, three, four, and seven of the syllabus, the Ohio Supreme Court struck down those portions of the sentencing statutes that require judicial fact-finding before the imposition of consecutive and more than minimum sentences. Consequently, Defendant's argument is without merit and his sole assignment of error is overruled." State v.Jenkins, 9th Dist. No. 23012, 2006-Ohio-2852, ¶ 4.
 {¶ 13} Consequently, following that same reasoning, we will not make the constitutional argument for DiCarlo. As we have no authority to remand the case for resentencing on law that has been rendered unconstitutional, we hereby affirm the sentence.
Donofrio, P.J., concurs.
Waite, J., concurs.