OPINION
{¶ 1} Defendant-appellant Wanda Garcia appeals from the consecutive sentences imposed upon her by the Mahoning County Common Pleas Court. Her only argument on appeal is that the court failed to sufficiently articulate the factors in R.C. 2929.14(E)(4) and failed to sufficiently provide reasons as required by R.C. 2929.19(B)(2)(c). Because these statutes have been excised by the Ohio Supreme Court, we find no merit in appellant's argument. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Appellant was indicted on five drug charges with forfeiture specifications regarding realty, cash and entertainment equipment. Count one was for trafficking in heroin in an amount equal to or more than one gram, a fourth degree felony. Counts two and three were for trafficking in heroin in an amount equal to or exceeding one gram in the vicinity of a juvenile, third degree felonies. Count four was for possession of cocaine in an amount that equals or exceeds more than five grams, a fifth degree felony. Count five was for possession of heroin of an amount more than ten grams, a second degree felony. All counts dealt with acts that occurred on different days except counts four and five.
 {¶ 3} On October 19, 2005, appellant pled guilty as charged, except the state agreed to amend count five to a third degree felony. The state also agreed to drop the forfeiture specification regarding the realty, while appellant consented to the other forfeiture specifications.
 {¶ 4} The sentencing hearing was held on December 22, 2005. The state recommended four years of total imprisonment and a driver's license suspension. The trial court made various findings and reasons on the record. The court sentenced appellant to one year on counts one, two, three and five to run consecutively and six months on count four to run concurrently. None were maximum sentences; all but count one were minimum sentences. The sentence was journalized on January 3, 2006. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR *Page 3 {¶ 5} Appellant's sole assignment of error provides:
 {¶ 6} "THE TRIAL COURT COMMITTED SUBSTANTIAL, PREJUDICIAL AND THUS, REVERSIBLE ERROR IN FAILING TO CONSIDER THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING PRIOR TO SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 7} In her two pages of argument, appellant uses the first page to quote R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). In the final page, appellant recites a portion of the statements made by the trial court at sentencing. Appellant concludes that the court failed to use any of the mandatory language required by R.C. 2929.14(E)(4) and failed to state sufficient reasons as required by R.C. 2929.19(B)(2). Although the court set forth more rationale than acknowledged by appellant, he urges that the court improperly justified the imposition of consecutive sentences merely on the ground that the offender committed multiples offenses.
 {¶ 8} Regardless of the sufficiency of the trial court's findings and reasons, the statutes relied upon by appellant have been severed from the statutory scheme by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Thus, appellant's arguments have no merit. That is, she is not entitled to resentencing with orders for the trial court to more thoroughly apply R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c) because these sections no longer exist.
 {¶ 9} This holding is in accordance with a prior holding of this court. See State v. DiCarlo, 7th Dist. No. 02CA228, 2006-Ohio-7080. InDiCarlo, the appellant argued that application of Foster would be an ex post facto violation and asked us to remand for resentencing under the excised R.C. 2929.14(E)(4). Id. at ¶ 11-13. Since DiCarlo failed to raise the right to resentencing under Foster, we declined to raise it for him. Id. Instead, we concluded by affirming the sentence, pointing out that we have no authority to remand the case for resentencing on law that has been rendered unconstitutional. Id. at ¶ 13. The Ninth District has ruled similarly, affirming consecutive sentences where the defendant merely argued on appeal that the trial court violated the now-severed sentencing statutes. State v. Jenkins, 9th Dist. No. 23012,2006-Ohio-2852, ¶ 3-5 (where the appellant did not rely on theFoster decision that had been released after his sentencing). *Page 4 
 {¶ 10} The Supreme Court's Foster decision was released many months before appellant's brief was filed. Subsequently, various decisions have been released by this court, finding for instance that a defendant does not waive Foster sentencing issues on appeal where he failed to mention them below. See, e.g., State v. Davis, 7th Dist. No. 06CO2,2006-Ohio-6134, ¶ 7; State v. Caruso, 7th Dist. No. 06MA42,2006-Ohio-6244, ¶ 16.
 {¶ 11} Where an appellate brief is filed over nine months after the release of the much-publicized Foster decision, we presume that counsel consciously chose to forgo a Foster resentencing argument. Cf. State v.Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-5653 (no merit brief filed by counsel prior to Foster precipitating a Toney review). Specifically, there is occasionally a refusal to raise Foster due to the concern that the appellant will receive a greater sentence on a Foster remand where the trial court has no limits other than the statutorily maximum, consecutive sentences. Foster, 109 Ohio St.3d 1 at ¶ 100, 102, 105 (onFoster resentencing courts have full discretion to sentence within statutory range and may impose greater penalties than at prior sentencing). See, also, R.C. 2929.14(A) (for sentencing ranges).
 {¶ 12} In conclusion, appellant improperly seeks remand and resentencing for the application of statutory provisions that no longer exist. As stated in DiCarlo, we cannot perform the function requested. Appellant's argument is without merit.
 {¶ 13} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1