DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Eric J. Babb has appealed from his sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Following the execution of a search warrant on his home and computer, Appellant was indicted on the following charges: one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2), a felony of the second degree; eight counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree; three counts of illegal use of a minor in nudity oriented material *Page 2 
in violation of R.C. 2907.323(A)(3), felonies of the fifth degree; one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree; and one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A), a misdemeanor of the fourth degree. After plea negotiations with the State, Appellant pled guilty to the eight counts of pandering sexually oriented matter which were fourth degree felonies, the three counts of illegal use of a minor in nudity oriented material, the one count of possession of criminal tools, and the one count of possession of drug paraphernalia. The remaining charges were dismissed.
 {¶ 3} At his sentencing hearing, the State recommended two years incarceration, while Appellant urged that he receive community control. The trial court, however, found that Appellant's behavior was more serious and sentenced him to an aggregate prison sentence of eight years. Appellant then timely appealed to this Court. Appellant also moved for reconsideration of his sentence in the trial court during the pendency of this appeal. That motion has never been ruled on by the trial court. In the instant matter, Appellant has raised one assignment of error for review.
 II *Page 3 Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED A SENTENCE AGAINST ERIC J. BABB WHICH WAS GROSSLY DISPROPORTIONATE TO HIS CRIME AND INCONSISTENT WITH SIMILARLY SITUATED DEFENDANTS, SUCH THAT MR. BABB'S SENTENCE WOULD SHOCK THE SENSE OF JUSTICE IN THE COMMUNITY."
 {¶ 4} In his sole assignment of error, Appellant has asserted that his sentence is too severe. Specifically, Appellant has argued that other defendants who committed similar crimes received lesser sentences. We find no merit in Appellant's contentions.
 {¶ 5} Initially, we note that Appellant's evidence of the sentences received by other offenders was not properly before the trial court. Appellant provided an exhibit with the sentences of other offenders when he moved for reconsideration of his sentence. However, the trial court's order, which contained Appellant's conviction and sentence, was a final judgment. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. Appellant's motion, therefore, was a nullity. Consequently, the documents attached to that motion were not properly before the trial court, nor are they properly before this Court. *Page 4 
 {¶ 6} Even if we were to consider Appellant's trial court filing, it would not aid his argument. This Court has held that "two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment." State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 13. Specifically, we held that:
 "Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C. 2929.11, create consistency in sentencing." Id.
Simply stated, Ohio's sentencing guidelines are just that, guidelines. Unless specifically enumerated, they do not require the imposition of a specific sentence. Moreover, "[t]his Court has also found that it is not the trial court's duty to research prior sentences when reaching a sentencing decision and that the legislature's goal of R.C. 2929.11(B) was consistency, not uniformity." State v. Sawyer, 9th Dist. No. 05CA0089-M, 2006-Ohio-4308, at ¶ 8, fn. 1. As such, Appellant's reliance on the sentences of others is misplaced.
 {¶ 7} To the extent that Appellant attempts to rely on the sentences of others to support his argument that the trial court did not comply with R.C. 2929.11, we find no merit in such a contention. R.C.2929.11(B) provides as follows: *Page 5 
 "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.)
Even considering the exhibit submitted by Appellant, he has not identified any similarly situated offenders. The sentences relied upon by Appellant include offenders charged with a different array of crimes than Appellant. Moreover, even examining those offenders charged with similar crimes, Appellant presented no evidence that the offenders themselves were similar to Appellant. Accordingly, he has failed to demonstrate that his sentence was disproportionate and therefore contrary to law.
 {¶ 8} To the extent that Appellant has asserted that his sentence was too severe, we now review that claim. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, altered this Court's standard of review for sentencing appeals. The Foster Court "concluded that trial courts have full discretion to impose a prison sentence within the statutory range" and "vest[ed] sentencing judges with full discretion" in sentencing.Foster at ¶ 100. Accordingly, post Foster, an appellate court reviews felony sentencing for an abuse of discretion. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion *Page 6 
standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 9} At Appellant's sentencing hearing, the trial court stated that it had reviewed a presentence investigation report, a psychiatric evaluation risk assessment, a psycho-sexual evaluation, and correspondence from the Cuyahoga Falls Police Department. As such, there is a presumption that the trial court utilized those documents in imposing its sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, at *2, citing State v. Koons (1984), 14 Ohio App.3d 289, 291. As Appellant failed to include those reports in the record, this Court cannot properly review the trial court's decision. We, therefore, have no choice but to presume the validity of the trial court's rationale in support of Appellant's sentence. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773, at *2.
 {¶ 10} In its rationale, the trial court noted as follows:
 "Court also has looked at the defendant's history here, and I think this is more than simply a matter of addiction to child pornography. I find that there are specific behaviors seeking access to children. Court considers the offender to be a high risk to this community and to the children in it.
 "He has gone further than simply viewing it."
Furthermore, in earlier court filings the trial court described the content of one of the materials which served as a basis for the charges against Appellant.
 "On November 23, 2005, German police who were monitoring a file-sharing network, `Gnutella,' downloaded a pornographic file, named `babyteddy.mpg,' depicting a girl approximately five years *Page 7 
old performing oral sex on a penis extended from behind a teddy bear."
The court went on to note that this file was downloaded from Appellant's computer.
 {¶ 11} Based upon the crimes to which Appellant pled guilty, he faced a maximum sentence of roughly sixteen years in prison. Given the trial court's statement regarding Appellant's behavior seeking access to children and the vile nature of the files supporting his convictions, we cannot say that the trial court abused its discretion in sentencing Appellant to eight years in prison. Accordingly, Appellant's sole assignment of error lacks merit.
 III {¶ 12} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., MOORE, J., CONCUR. *Page 1