{¶ 1} This delayed appeal by Appellant Richard Ramsey, Jr. challenges whether his sentence conforms to the requirements of Ohio's felony sentencing statutes. Although not cited in Appellant's brief, but acknowledged by counsel at oral argument, the recent felony sentencing case of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, significantly affects the outcome of this appeal. Foster held that a number of Ohio's felony sentencing statutes violated the Sixth Amendment right to trial by jury. Appellant was sentenced shortly afterFoster was issued, and pursuant to Foster, the sentencing judge had full discretion to impose a sentence within the range of sentences allowed by law. The record also indicates that the trial court did not cite any of the sentencing statutes that were ruled unconstitutional inFoster. Appellant really asks that the case be remanded so that he can be resentenced under unconstitutional statutes. We have already ruled that this is not permissible. State v. DiCarlo, 7th Dist. No. 02 CA 228,2006-Ohio-7080. The trial court did not abuse its discretion in sentencing Appellant to a seven-year prison term, and the judgment is affirmed.
 {¶ 2} Appellant was indicted on July 28, 2005, on one count of rape, R.C. 2907.02(A)(1)(b), a first degree felony, and one count of sexual battery, R.C. 2907.03(A)(5), a third degree felony. He was arrested soon afterward. Appellant's victim was a little girl from Salem, Ohio, who was less than thirteen years old when the crime occurred. Trial was scheduled for January 31, 2006. Appellant entered into Crim.R. 11 plea negotiations, and on January 30, 2006, he agreed to plead guilty to one count of gross sexual imposition, R.C. 2907.05(A)(4), and one count of sexual *Page 2 
battery, R.C. 2907.03(A)(5), both third degree felonies punishable by one to five years in prison. He was sentenced on March 24, 2006, to three years in prison on count one and four years on counts two, to be served consecutively, for a total of seven years in prison. He filed a motion for delayed appeal on December 4, 2006, which was granted on February 21, 2007.
 ASSIGNMENT OF ERROR {¶ 3} "It was error for the trial court to impose a sentence that was more than the minimum."
 {¶ 4} Appellant argues that, under State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, the trial court was required to make certain statutory findings before imposing a sentence above the minimum sentence allowed by law. Appellant argues that the trial judge did not make the findings required by R.C. 2929.14(B). Edmonson has been largely abrogated and overruled by State v. Foster, which was decided on February 27, 2006. Foster determined that the statutory requirement of judicial factfinding, rather than jury factfinding, necessary to impose a variety of sentencing enhancements violated the Sixth Amendment right to trial by jury. R.C. 2929.14(B), which required judicial factfinding in order to impose more than a minimum sentence, was declared unconstitutional in Foster, and was severed from the felony sentencing statutes. Foster at paragraphs one and two of the syllabus. Appellant was sentenced on March 24, 2006, approximately one month afterFoster was issued. Thus, the trial court was not bound by R.C.2929.14(B) and had discretion to impose any sentence within the range of sentences allowed by law. *Page 3 Foster at paragraph seven of the syllabus. Appellant could have been sentenced to a maximum of two consecutive five-year prison terms. He was sentenced to a three-year and a four-year prison term, to be served consecutively, which is within the allowable range of sentences. Therefore, there is no error in the sentence.
 {¶ 5} Appellant seeks to be sentenced under R.C. 2929.14(B), but this is no longer possible. As this Court has said, "we have no authority to remand the case for resentencing on law that has been rendered unconstitutional[.]" State v. DiCarlo, supra, at ¶ 13; State v.Garcia, 7th Dist. No. 05 MA 229, 2007-Ohio-3181, ¶ 9.
 {¶ 6} Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1