OPINION *Page 2 
{¶ 1} Appellant Shannon T. Loveless was convicted by jury in the Jefferson County Court of Common Pleas on one count of aggravated robbery with a firearm specification. He also entered a guilty plea to a separate charge of possession of a weapon while under a disability. He was sentenced to thirteen years in prison on the combined convictions. Counsel for Appellant has filed a motion to withdraw as counsel due to a lack of meritorious issues on appeal, pursuant to State v. Toney (1970),23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. Counsel's motion to withdraw is hereby sustained, and Appellant's sentence is affirmed.
 {¶ 2} This is the second time this case has been on appeal. In the first appeal, the conviction was upheld, but the case was remanded for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. A resentencing hearing was held. On April 9, 2007, the court filed its sentencing judgment entry. The court sentenced Appellant to ten years in prison on the aggravated robbery charge, and imposed a consecutive three-year prison term for the gun specification. The court imposed a one-year prison term for possession of a weapon while under a disability, to be served concurrently. The aggregate prison term was thirteen years. This appeal followed on May 1, 2007.
 {¶ 3} On September 24, 2007, Appellant's counsel filed a no merit brief. Appellant was given additional time to file any pro se assignments of error. Appellant filed a pro se brief on December 26, 2007.
 {¶ 4} Counsel is asking to withdraw pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to our ruling in Toney, *Page 3 
supra. "`It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous." (Citations omitted.) State v. Odorizzi
(1998), 126 Ohio App.3d 512, 515, 710 N.E.2d 1142.
 {¶ 5} In Toney, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 6} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 7} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 8} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous. *Page 4 
 {¶ 9} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 10} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 11} Appellant has already received his direct appeal addressing the merits of his conviction. This appeal involves only his resentencing. Resentencing was ordered by this Court based on State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Foster determined that several provisions of the sentencing statutes were unconstitutional because they allowed the trial judge to make findings and then impose sentences exceeding the maximum authorized by the facts established solely by a plea of guilty or a jury verdict. Accordingly,Foster concluded that those provisions violated the Sixth Amendment as made applicable to the states through the Fourteenth Amendment. Id. at ¶ 61ff. Foster severed and excised from the felony sentencing code the unconstitutional sentencing provisions. Id. at ¶ 96. Once those provisions were excised, trial courts in Ohio were left with discretion to impose any sentence within the statutory range without engaging in judicial fact-finding: "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make *Page 5 
findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 12} In this case, the trial court considered a wide variety of factors at sentencing, but did not rely on any unconstitutional mandatory sentencing provisions in fashioning the sentence. The state made the same sentencing recommendations at resentencing as it did at the original sentencing hearing. Appellant was given wide latitude to speak at the resentencing hearing. Appellant was represented by counsel at the resentencing hearing. The court imposed a sentence within the range of sentences allowed by law, and did not impose a harsher sentence than was originally imposed. The court also explained that Appellant would be subject to post-release control.
 {¶ 13} Appellant's pro se brief appears to ask this Court to applypre-Foster sentencing rules on review of this appeal. He claims that the trial court failed to apply R.C. 2929.14(B), regarding sentences for first-time offenders, even though the statute was held unconstitutional in Foster. This Court cannot apply unconstitutional statutes in reviewing a felony sentence. State v. Jenkins, 9th Dist. No. 23012,2006-Ohio-2852, ¶ 4; State v. DiCarlo, 7th Dist. No. 02 CA 228,2006-Ohio-7080, ¶ 12.
 {¶ 14} Appellant also argues that he was not provided with a full transcript of the proceedings, even though the full sentencing transcript is part of the record on appeal.
 {¶ 15} In conclusion, the trial court was aware of the significance of the Foster holding, and rendered a sentence pursuant to the requirements of Foster. There *Page 6 
does not appear to be any reasonable basis for challenging the sentence, and this appeal is wholly frivolous. Counsel's motion to withdraw is sustained, and we affirm the trial court's judgment in full.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1