OPINION *Page 2 
{¶ 1} Defendant-appellant Kenyon McLaughlin appeals from the sentence entered in the Mahoning County Common Pleas Court for multiple counts of rape. At sentencing, the trial court found McLaughlin to be remorseful, however, based upon its philosophy that multiple crimes deserve multiple punishments, the trial judge issued consecutive sentences. We must decide whether that decision was in error. We find that it was. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} On January 13, 2005, McLaughlin was indicted on seven counts of rape. The first three counts were for violations of R.C. 2907.02(A)(1)(b)(B), first degree felonies containing life specifications. Counts four through seven were for violations of R.C. 2907.02(A)(2)(B), first degree felonies. Following a plea agreement, the state dismissed the seventh count of the indictment and amended counts one through three by removing the force language and life specifications. McLaughlin pled guilty to the amended indictment. Sentencing was held on December 14, 2005. The trial court sentenced McLaughlin to a four year term for each of the six counts and ordered those terms to be served consecutively. In ordering consecutive sentences, the trial court made judicial findings in conformance with R.C. 2929.19(E)(4).
 {¶ 3} McLaughlin appealed that sentence. State v. McLaughlin, 7th Dist. No. 05MA224, 2006-Ohio-7084. The issue raised in that appeal was whether Ohio's felony sentencing statute, specifically R.C. 2929.19(E)(4), violated the Sixth Amendment of the United States Constitution. While the appeal was pending, the Ohio Supreme Court inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, held that portions of Ohio's felony sentencing statute, including R.C. 29292.19(E)(4), were unconstitutional in that it required the trial court to make judicial findings that were not proven by the jury or admitted by the defendant. The Court severed the unconstitutional portions of the statute. ApplyingFoster, we reversed the sentence and remanded the cause for resentencing. Id.
 {¶ 4} Resentencing was held on January 30, 2007. The trial court considered the purposes of sentencing, the seriousness of the conduct and recidivism factors. 01/30/07 Tr. 15-17. The trial court then imposed the same sentence that it had *Page 3 
previously imposed; four years for each of the six counts to run consecutively with each other. McLaughlin timely appeals from that resentencing.
 ASSIGNMENT OF ERROR {¶ 5} "THE CONSECUTIVE SENTENCES IMPOSED BY THE TRIAL JUDGE WERE CONTRARY TO LAW."
 {¶ 6} At the outset we note that both parties contend that post-Foster we cannot reverse a sentence unless we determine that the sentence is clearly and convincingly contrary to law. This standard is found in R.C. 2953.08(G).
 {¶ 7} We agree that R.C. 2953.08(G) and its clear and convincing contrary to law standard is still applicable after Foster. TheFoster Court specifically indicated that R.C. 2953.08(G), insofar as itrefers to the severed sections, no longer applies." Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 99 (Emphasis added).
 {¶ 8} Furthermore, Foster's companion case State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, also indicated that the clear and convincing contrary to law standard is applicable:
 {¶ 9} "As part of the General Assembly's promulgation of Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7562 (`S.B. 2') effective July 1, 1996, courts of appeals obtained expanded authority to review felony sentences pursuant to R.C. 2953.08. That statute, as enacted, provided that a defendant convicted of a felony may appeal as of right when certain maximum sentences are imposed, the guidance for community control has been overridden, the minimum term of an indefinite sentence for a sexually violent offense is the longest term from the R.C. 2929.14
range, or an additional ten-year prison term is added under R.C. 2929.14(D)(2)(b) or (D)(3)(b). In Foster, we determined that R.C. 2929.14(D)(2)(a) and (D)(3)(b) relating to repeat-violent-offender and major-drug-offender enhancements were unconstitutional. Unaffectedby Foster were the state's appeals as a matter of right for a sentencewhere no prison term was imposed despite the presumption favoring prisonfor certain offenses, or for judicial modification of a sentence for afirst-or second-degree felony under R.C. 2929.20. Nor was thedefendant's or the state's appeal as of right affected when the sentence`is contrary to law.'" Id. at ¶ 23 (Emphasis added). *Page 4 
 {¶ 10} Likewise, the Court once again in State v. Saxon specified that R.C. 2953.08 "remains effective, although no longer relevant with respect to the statutory sections severed by Foster."109 Ohio St.3d 176, ¶ 4, fn. 1.
 {¶ 11} Foster, Mathis and Saxon seem to make it clear that R.C. 2953.08(G)(2) and its clear and convincing contrary to law standard is still viable. Unfortunately, the appellate districts across this state are not in agreement that those cases mean that. There are three different approaches appellate courts are taking on what the standard of review is for felony sentencing post-Foster.
 {¶ 12} The first approach is that R.C. 2953.08(G)(2) is no longer effective after Foster. The appellate courts that follow this approach base their holding on Foster's language that trial courts now have "full discretion to impose a prison sentence within the statutory range."109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. They hold that post-Foster, appellate courts only review felony sentences for an abuse of discretion. State v. Babb, 9th Dist. No. 23631, 2007-Ohio-5102,State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823.
 {¶ 13} That second approach is that R.C. 2953.08(G)(2) is still effective and an appellate court cannot disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is "otherwise contrary to law." State v.Goins, 8th Dist. No. 89232, 2007-Ohio-6310, ¶ 13-14; State v.Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, ¶ 10-11; State v.Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 17 (changing its position from an abuse of discretion to clear and convincing evidence);State v. Victory, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 15. These courts do not believe that the felony sentence is ever reviewed under an abuse of discretion standard.
 {¶ 14} The third approach invokes both standards of review; the clear and convincing contrary to law standard and the abuse of discretion standard. State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, ¶ 17-19; State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, ¶ 12. See, also, State v. Lewis, 2d Dist. No. 2006CA0119, 2007-Ohio-6607, ¶ 12 (indicating both standards are applicable by stating, "there does not exist clear and convincing evidence in this record that the trial court acted in an arbitrary, unreasonable, or unconscionable manner in imposing a six *Page 5 
year prison sentence. No abuse of discretion has been demonstrated."). The appellate courts applying both standards state that the clear and convincing standard is applicable in limited circumstances such as when it is claimed that the trial court did not consider factors enumerated in R.C. 2929.11 and R.C. 2929.12 or when the sentence falls outside the sentencing range specified in R.C. 2929.14(A). Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, ¶ 19. The abuse of discretion standard is used to determine if the trial court appropriately weighed the factors under R.C. 2929.11 and R.C. 2929.12.
 {¶ 15} As stated above, this court subscribes to the theory that R.C. 2953.08(G)(2)'s clear and convincing contrary to law standard is still applicable. Foster clearly indicated that the portions of R.C. 2953.08(G) that did not refer to severed portions of the statute remained intact. Only R.C. 2953.08(G)(2)(a) referred to such severed divisions. The main portion of (G)(2) does not refer to the severed portions, nor does (G)(2)(b), which states that an appellate court cannot disturb a sentence unless it finds by clear and convincing evidence that the sentence is "otherwise contrary to law." Thus, it remains intact under the clear language of Foster.
 {¶ 16} We now to turn to the issue of whether the sentence is clearly and convincingly contrary to law. The trial court sentenced McLaughlin to nonmaximum consecutive sentences. In doing so, it considered both R.C. 2929.11 and R.C. 2929.12. It specifically indicated that it considered R.C. 2929.11's purposes of felony sentencing — the need for incapacitation, deterrence, rehabilitation and restitution. (Tr. 16). Likewise, it indicated that it applied the facts of this case to the seriousness and recidivism factors enumerated in R.C. 2929.12:
 {¶ 17} "The Court also has to consider the seriousness factors, the injury is exacerbated by the victim's physical and mental age; she suffered serious psychological harm; the offenses were occasioned by your relationship with the victim; that relation facilitated the offenses. There's nothing to indicate this crime is less serious — these crimes are less serious, so obviously they're as serious as it gets.
 {¶ 18} "Recidivism is more likely, those statutory factors appear not to apply. Recidivism is less likely. You have no prior juvenile record, no prior adult record, and I believe you do show genuine remorse, so that's what we are talking about before. *Page 6 
 {¶ 19} "Each of these things represents just one factor, one element. I don't think you're going to do this again, but that's not all there is to it. I still have to punish you, I still have to say to you and everybody else who ever imagine doing something like this that there's going to be hell to pay, and that's an appropriate consideration for sentencing." (Tr. 16-18).
 {¶ 20} In addition to the above, the trial court also stated that it believed multiple crimes deserve multiple punishments. (Tr. 13-15). It explained that it does not give concurrent sentences for multiple commissions of the same crime because if it did, it would be sending the message that committing the crime multiple times is no worse than committing it once:
 {¶ 21} "That's not the only issue. That you're sorry, I believe that. I was convinced of that at the time of your original sentencing, and even at the time of your plea. That you never would do this again, that's an important part of it too, but I also have to address the appropriate punishment for this type of an offense, and as your lawyer has argued, and admirably so, he talked about running these sentences concurrently. I mean, I think that doing that in a situation like this is a reward for committing the offenses on multiple occasions. The more times you commit it, the cheaper it is because the sentences are going to be run concurrently.
 {¶ 22} "What the heck kind of message is that to anybody? The message that should be sent, and I'm required to send a message when I sentence someone, is that if you commit multiple crimes, you're going to receive multiple punishments. You're going to pay for every crime you commit, so you're better off to stop than you are to continue." (Tr. 13-14).
 {¶ 23} The above reasoning, as a whole, does not render the sentence clearly and convincingly contrary to law. The trial court complied with the felony sentencing statutes when it considered and applied both R.C. 2929.11 and R.C. 2929.12. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. There was no flaw in that application or reasoning.
 {¶ 24} Admittedly, the trial court's exposition that multiple crimes always deserve multiple punishments is troubling. The sentencing statutes do not conclusively support that type of rationalization, nor is there a clear mandate from the *Page 7 
legislature that consecutive sentences must be given when an offender commits multiple crimes. Moreover, this court cannot recall such a position being announced by any other common pleas court in this appellate court's jurisdiction. It is, however, within the trial court's right to sentence an offender to either concurrent or consecutive sentences. If a trial court adopts a stated policy that excludes the option of a concurrent sentence, it could very well constitute a sentence that is clearly and convincingly contrary to law.
 {¶ 25} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
 Waite, J., concurs. *Page 1