OPINION
{¶ 1} Defendant-appellant, Wayne Castle (Castle), appeals a decision of the Mahoning County Common Pleas Court that sentenced him to a nine-year term of imprisonment for felonious assault following his guilty plea. Castle's sole argument on appeal is that the sentence does not comport with the overriding purposes of felony sentencing as set forth in R.C. 2929.11.
 {¶ 2} Castle was an inmate at the Mahoning County Jail awaiting sentencing following his guilty plea to six counts of rape in violation of R.C. 2907.02(A)(1)(b)(B), all first-degree felonies (case no. 2003 CR 1409). During his incarceration at the jail, Castle became involved in a homosexual relationship with Michael Jones (Jones). (Transcript of Sentencing Hearing, June 22, 2007, hereafter Tr., 13.) Castle assumed a "submissive" role in the relationship, while Jones was the "dominant" partner. (Tr. 13.)
 {¶ 3} On the evening of March 11, 2006, Deputy Kevin Vivacqua (Deputy Vivacqua) was working at the jail. Jones was outside of his cell in the pod area for an hour of free time. (Tr. 15.) Jones went to Castle's cell and asked, "baby, did he hurt you," referring to Deputy Vivacqua. (Tr. 15.) Castle replied that he had not. (Tr. 15-16.) When Jones asked Castle if he wanted him to defend him, Castle said "I really don't want you to do nothing," and added "but you got to do what you got to do." (Tr. 16.) Jones then went and summoned Deputy Vivacqua to go and speak to Castle. (Tr. 16.) Deputy Vivacqua went to Castle's cell and Castle asked about some missing mail. (Tr. 16.) At that time, Jones threw a hot liquid in Deputy Vivacqua's face and proceeded to attack him for up to fifteen minutes. (Tr. 4, 16.) As a result, Deputy Vivacqua suffered serious injuries. (Tr. 4.)
 {¶ 4} On March 16, 2006, the Mahoning County Grand Jury indicted Castle and Jones for the felonious assault of Deputy Vivacqua in violation of R.C. 2903.11(A)(1)(D), a first-degree felony. Castle pleaded not guilty, was appointed counsel, and the matter proceeded to discovery and other pretrial matters. Alleging duress by co-defendant Jones, Castle moved for separate trials. Following the trial court's denial of that motion, Castle opted to enter into a Crim. R. 11 plea agreement *Page 2 
with plaintiff-appellee, State of Ohio. On May 4, 2007, Castle pleaded guilty and, in exchange, the State agreed to stand silent at sentencing and acknowledge Castle's complicit role in the offense. The agreement also reflected Castle's willingness to testify against Jones.
 {¶ 5} On June 22, 2007, the trial court conducted a sentencing hearing. Deputy Vivacqua testified about the attack, the resulting injuries and their lingering aftereffects, and the impact it all had on himself, his family, friends and coworkers. (Tr. 4-5.) Castle's counsel related to the court Castle's troubled childhood, including being sexually abused and sexually abusing others, and Castle's limited intelligence. (Tr. 10-19.) His counsel also attempted to illustrate Castle's less culpable role in the offense contrasted to that of Jones and Castle's fear of Jones and his propensity for violence. (Tr. 10-19.) Castle himself spoke and apologized to Deputy Vivacqua and his family. (Tr. 20-21.) The trial court acknowledged Castle's difficult childhood, but was not convinced that Castle did not know the difference between right and wrong. The court believed that Castle still had enough mental capability to knowingly enter a situation where someone was going to be seriously injured. The court sentenced Castle to a nine-year term of imprisonment for the felonious assault of Deputy Vivacqua. The court ordered that the sentence be served consecutively to the ten year sentences he received after pleading guilty to the rape charges in case no. 2003 CR 1409. This appeal followed.
 {¶ 6} Castle's sole assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT WAYNE CASTLE TO A TERM OF NINE YEARS IN THE PENITENTIARY TO BE SERVED CONSECUTIVELY TO A PREVIOUSLY IMPOSED PRISON TERM, AS THE SENTENCE VIOLATES THE REQUIREMENTS OF R.C. § 2929.11. (JUDGMENT ENTRY OF SENTENCING, JUNE 26, 2007; TRANSCRIPT OF SENTENCING HEARING, JUNE 22, 2007)."
 {¶ 8} Appellate review of felony sentencing decisions examines whether the decision was clearly and convincingly contrary to law. R.C. 2953.08(G); State v. *Page 3 Stroud, 7th Dist. No. 07 MA 91; 2008-Ohio-3187; State v.McLaughlin, 7th Dist. No. 07 MA 39, 2008-Ohio-3329.
 {¶ 9} R.C. 2929.11 states:
 {¶ 10} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 11} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 12} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 13} Castle does not argue that the trial court failed to consider the provisions of R.C. 2929.11. Nor does he contest the fact that his sentence for the felonious assault of Deputy Vivacqua was ordered to run consecutively to the sentence he received in the unrelated rape case. Rather, Castle takes issue with how the court applied the provisions of R.C. 2929.11 to the facts of this case. Castle focuses on three areas which he believes should have mitigated his sentence-duress, remorse, and his troubled childhood.
 {¶ 14} Concerning duress, Castle refers to testimony in an attempt to portray his role in the felonious assault on Deputy Vivacqua as submissive to and less culpable than his co-defendant Jones. Castle cites testimony that he was involved in a homosexual relationship with Jones where Castle assumed a "submissive" role in *Page 4 
the relationship, while Jones was the "dominant" partner. (Tr. 13.) Castle maintains that he had good reason to fear Jones and that he would do anything he told him to. (Tr.17, 21.) Jones allegedly had previously threatened Castle and had a propensity for violence. Jones had bragged about being a murderer and that he had assaulted two corrections officers while in prison. Jones also made it clear that he was intent on killing a deputy or taking a hostage while at the Mahoning County Jail. Concerning the actual assault, Castle maintains that he remained locked in his cell during the entire episode. Because he was "less culpable," Castle asserts that his sentence was unfair considering that his codefendant Jones received the same sentence.
 {¶ 15} Castle also wishes to highlight evidence demonstrating his genuine remorse for the assault. During a videotaped interview he gave deputies following the incident, he cried. He also attempted to write to Deputy Vivacqua to apologize for the attack. At sentencing, he addressed Deputy Vivacqua and his family and apologized for the incident and claimed that he had no intent to harm him.
 {¶ 16} Lastly, Castle tells a story of a troubled childhood. When he was a child, his parents locked him in the basement and in closets. He was diagnosed with a mental disability and later was able to earn a special education GED. He was sexually molested at the age of eight and later molested his own younger brother at age sixteen. He was shifted around to various places, including relatives' homes, a psychiatric ward, and a group home. For a time, he lived with a homosexual uncle who taught him to dress as a female. He moved in with an aunt locally, where he was publicly ridiculed. He later moved in with some friends to whom his Social Security disability benefits were directed. Those friends, upon learning that Castle had raped their children, threw him into the street and beat him. Those were the rapes that resulted in his twenty-year sentence in case no. 2003 CR 1409.
 {¶ 17} In addition to R.C. 2929.11 mentioned above, R.C. 2929.12(A) provides that a sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. In exercising that discretion, the court is to consider factors relating to the *Page 5 
seriousness of the conduct and factors relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. Also, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing" under R.C. 2929.11 when sentencing an offender for a first-degree felony. R.C. 2929.13(D)(1).
 {¶ 18} In this case, a factor that applies and indicates that Castle's conduct was more serious than conduct normally constituting the offense is R.C. 2929.12(B)(2): "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." Here, Deputy Vivacqua clearly suffered such harm:
 {¶ 19} "From this attack, I received a number of serious injuries, including first and third degree burns on my face, neck and ear, massive concussion, conjunctival hemorrhage, broken and bruised bones, facial lacerations and damage to my sight and hearing.
 {¶ 20} "Having gone through all of this, one thing I will never understand is why inmates that — why they even, you know, plotted, planned, and attempted to take my life. It is a year and a half now, and I look back on my career as a police officer, so full of promise to a future so full of uncertainty. I still struggle daily with the bumps, bruises, aches and pains of a senseless, cowardly assault.
 {¶ 21} "I stand before the court today to say that no amount of jail time will compensate for the hell that I've gone through. No amount of jail time will compensate for the grief that was placed on my family, friends, and coworkers. I can only ask you now for a fair judgment that will reflect what I've been through and will continue to go through for the future to come." (Tr. 4-5.)
 {¶ 22} There are two factors that indicated that Castle's conduct was less serious than conduct normally constituting the offense. In committing the offense, he did not cause or expect to cause physical harm to any person or property. R.C. 2929.12(C)(3). By all accounts, Castle remained locked in his cell during the entire *Page 6 
attack. R.C. 2929.12(C)(4) addresses the mitigation factor: "There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." Castle claimed duress because he feared Jones and his propensity for violence.
 {¶ 23} As for the recidivism factors, Castle's conviction on the rape counts in the other case for which he was awaiting sentencing suggests that he would be more likely to commit future crimes. R.C. 2929.12(D)(2). Little or no evidence suggested that he would be less likely to commit future crimes. R.C. 2929.12(E).
 {¶ 24} Considering all of the aforementioned seriousness and recidivism factors, it cannot be said that the trial court's decision regarding the sentence in this case was clearly and convincingly contrary to law. Even acknowledging Castle's complicit-only role in the offense, a complicit offender is still to be punished as though they were a principal offender. See R.C. 2923.03(F).
 {¶ 25} Accordingly, Castle's sole assignment of error is without merit.
 {¶ 26} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1