OPINION *Page 2 
¶ {1} Defendant-appellant Charles Mann appeals from his conviction in the Jefferson County Common Pleas Court of burglary, a violation of R.C. 2911.12(A)(2), a second degree felony. Appointed appellate counsel filed a no-merit brief in accordance with State v. Toney (1970),23 Ohio App.2d 203 and requested to withdraw. Thus, the issue presented in this case is whether the appeal is frivolous. A review of the case file reveals that there are no appealable issues. Therefore, the judgment of the trial court is affirmed and counsel is permitted to withdraw.
 STATEMENT OF CASE ¶ {2} On January 8, 2008, Mann was indicted for burglary, a violation of R.C. 2911.12(A)(2). Within days of indictment, he entered a not guilty plea to the charge. In early March, a Crim. R. 11 hearing was held where Mann withdrew his not guilty plea and pled guilty to the charge. The trial court accepted the plea and found him guilty. Sentencing commenced on April 21, 2008; Mann was sentenced to an 8 year sentence, the maximum allowable by law. Mann timely appealed and appellate counsel filed a Toney brief.
 ANALYSIS ¶ {3} In Toney, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
¶ {4} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
¶ {5} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
¶ {6} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous. *Page 3 
 ¶ {7} "* * *
¶ {8} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, 23 Ohio App.2d 203, syllabus.
¶ {9} The Toney brief was filed by counsel on June 30, 2008. On August 1, 2008, we informed Mann of counsel's Toney brief and granted him until September 2, 2008 to file a written brief. Mann did not file a pro se brief. Thus, we will proceed to independently examine the record to determine if the appeal is frivolous.
¶ {10} As stated above, Mann pled guilty. A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269,272, 1992-Ohio-130.
¶ {11} Thus, we begin our analysis with whether the plea was entered into knowingly, intelligently, and voluntarily. Crim. R. 11(C) requires trial courts to advise the defendant about certain constitutional and nonconstitutional rights that he will be waiving by entering a guilty plea. These advisements ensure that the plea was knowing, intelligent and voluntary.
¶ {12} Crim. R. 11(C)(2)(c) sets forth the constitutional rights that the defendant waives by entering the guilty plea and mandates that the trial court must discuss these rights with the defendant. These rights are: 1) the right to a jury trial; 2) the right to confront witnesses against him; 3) the right to have the compulsory process of obtaining witnesses in his favor; 4) the right to have the state prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim. R. 11(C)(2)(c); State v. Veney, Slip Opinion No. 2008-Ohio-5200, syllabus of the court. The trial court must strictly comply with these requirements. State v. Ballard (1981), 66 Ohio St.2d 473, 477. See, generally, Boykin v. Alabama (1969), 395 U.S. 238. See, also, State v.Singh (2000), 141 Ohio App.3d 137. *Page 4 
 ¶ {13} Crim. R. 11(C) also sets forth the nonconstitutional rights that a defendant must be informed of prior to the court accepting the plea. These rights are that: 1) a defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved; 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th Dist. No. 74392, citing McCarthy v. U.S. (1969), 394 U.S. 459, 466. For these nonconstitutional rights, the trial court must substantially comply with its mandates. State v. Nero (1990), 56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 108.
¶ {14} The trial court did an excellent job of strictly complying with the mandated constitutional advisements. The trial court informed Mann of his right to a jury, to confront witnesses against him, to subpoena witnesses in his favor, and to have the state prove his guilt beyond a reasonable doubt. 03/03/08 Tr. 9-11. He was also advised that he could not be compelled to testify against himself and the fact that if he chose to not testify that choice could not be considered in determining his guilt. 03/03/08 Tr. 11-12.
¶ {15} As to the nonconstitutional advisements, we find that the trial court substantially complied. Mann was advised of the charges against him and the possible penalties, which included a 2 to 8 year sentence, a fine, restitution, a firearm disability, post-release control. 03/03/08 Tr. 12-13, 15-18. He was also advised about the available community control sanctions. 03/03/08 Tr. 13-15.
¶ {16} The only minor misstep made by the trial court was that it did not expressly state to Mann that after accepting the guilty plea it could proceed straight to sentencing. However, that omission does not amount to reversible error. At the beginning of the hearing, defense counsel indicated that after the plea was entered it was going to request sentencing be postponed until a presentence investigation report could be gathered. 03/03/08 Tr. 2-4. The trial court explained that process to Mann *Page 5 
and indicated to him that following the plea, the sentence would not occur because of the request for the presentence investigation. 03/03/08 Tr. 4. It then indicated that they would come back at a later date for sentencing. 03/03/08 Tr. 4. Considering these specific facts, this advisement was in substantial compliance with Crim. R. 11(C)(2)(a)(b) and there was no prejudice to Mann.
¶ {17} In addition to all the above, Mann was asked whether his plea was entered into freely and voluntarily and if he was threatened into making the plea. 03/03/08 Tr. 19. Mann indicated he was not threatened and his plea was freely made. 03/03/08 Tr. 19. The plea transcript clearly indicates that it was Mann's wish to enter the guilty plea. 03/03/08 Tr. 20-21. Accordingly, considering all the above, this court finds that there was no error in accepting the guilty plea.
¶ {18} As the plea complied with Crim. R. 11, we now turn to the review of Mann's sentence. Appellate counsel, in its Toney brief, raised a potential issue with the sentence imposed claiming that "the Trial Court abused its discretion in imposing the maximum sentence pursuant toState v. Foster, 109 Ohio St.3d 1, 206-Ohio-856, 845 ne2nd 470 [sic]." Counsel then provided some law, but no argument as to whether or not the trial court abused its discretion.
¶ {19} Following Foster, there has been confusion among the appellate courts as to what the standard of review is for felony sentences. There have been three approaches taken by the appellate courts. Some appellate districts, including ours, have held R.C. 2953.08(G)(2) and its clear and convincingly contrary to law standard is the only applicable standard to use when reviewing felony sentences. State v.McLaughlin, 7th Dist. No. 07MA39, 2008-Ohio-3329, ¶ 13, citing State v.Goins, 8th Dist. No. 89232, 2007-Ohio-6310, ¶ 13-14; State v.Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, ¶ 10-11; State v.Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 17; State v.Victory, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 15. Other appellate courts have held that following Foster, R.C. 2953.08(G)(2) is no longer effective; these appellate courts only employ an abuse of discretion standard of review when reviewing felony sentences. State v.McLaughlin, 7th Dist. No. 07MA39, 2008-Ohio-3329, ¶ 12, citing State v.Babb, 9th Dist. No. 23631, 2007-Ohio-5102, State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823. The third approach used by some appellate *Page 6 
courts invokes both standards of review. State v. McLaughlin, 7th Dist. No. 07MA39, 2008-Ohio-3329, ¶ 14, citing State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, ¶ 17-19; State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, ¶ 12.
¶ {20} Given these different approaches, the Ohio Supreme Court attempted to resolve the conflict in State v. Kalish, Slip Opinion No. 2008-Ohio-4912. However, in that decision, the Supreme Court rendered a plurality opinion (Justices O'Connor, Moyer and O'Donnell), a concurring in judgment only opinion (Judge Willamowski, of the Third District sitting by assignment), and a dissenting opinion (Justices Lanzinger, Pfeifer and Stratton).
¶ {21} The plurality concluded that in reviewing felony sentences the appellate courts must apply a two-step approach. Id. at ¶ 26 (O'Connor, J., plurality opinion). The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the sentencing court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
¶ {22} The concurring in judgment only opinion did not entirely agree with the plurality's "overly broad" two step approach to reviewing felony sentences. Id. at ¶ 42 (Willamowski, J., concurring in judgment only). It agreed with the plurality that the sentence should be reviewed under the clearly and convincingly contrary to law standard to determine if the sentencing court complied with all applicable rules and statutes, which would include R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 42 (Willamowski, J., concurring in judgment only). However, according to it, the clearly and convincingly contrary to law standard is only applicable to R.C. 2929.12 in determining whether the sentencing court "bothered to consider the factors" in *Page 7 
R.C. 2929.12(B)-(D). Id. (Willamowski, J., concurring in judgment only). If the sentencing court did consider those factors, then an appellate court would review the application of those factors under an abuse of discretion standard of review. Id. (Willamowski, J., concurring in judgment only). This differs from the plurality opinion in that instead of requiring the entire sentence to be reviewed for an abuse of discretion, only the application of R.C. 2929.12(B)-(D) is reviewed under the abuse of discretion standard.
¶ {23} The dissent concluded that post-Foster the standard of felony sentencing review remains unchanged and that only a clearly and convincingly contrary to law standard of review is employed. Id. at ¶ 43 (Lanzinger, J., dissenting).
¶ {24} Considering the above holdings and reasons in Kalish, the confusion surrounding the standard of review for felony sentences has not been clearly resolved. What we glean from Kalish is that appellate courts should review felony sentences under both the clear and convincingly contrary to law standard and the abuse of discretion standard of review until the Supreme Court clearly and expressly determines the standard of review.
¶ {25} The trial court sentenced Mann to the maximum sentence allowed by R.C. 2929.14(A)(2). In doing so, the trial court stated that it considered the purposes and principles of sentencing under R.C. 2929.11. 04/22/08 J.E.; 04/21/08 Tr. 20. It also applied the seriousness and recidivism factors in R.C. 2929.12. Thus, as the sentencing court considered all the applicable statutes and rules, it is not clearly and convincingly contrary to law.
¶ {26} During the sentencing hearing, the trial court made statements concerning the R.C. 2929.12 factors that we are to review under an abuse of discretion standard of review. It stated:
¶ {27} "The court further finds under ORC § 2929.12(B) that the victim suffered serious economic harm; and under ORC § 2929.12(C) that no factors apply to the defendant; therefore, the more serious factorsoutweigh the less serious factors.
¶ {28} "The court further finds under ORC § 2929.12(D) that the defendant has a history of criminal convictions (having represented to the court that he has been sentenced to prison seven times previously) and has failed to respond favorably in the past to probation or parole; and under ORC § 2929.12(E) that the defendant is *Page 8 
genuinely remorseful; therefore, the recidivism likely factors outweighthe recidivism not likely factors." 04/22/08 J.E. (Emphasis in original).
¶ {29} Similar statements were made during the sentencing hearing. 04/21/08 Tr. 20-22.
¶ {30} The trial court's application of these factors to the facts of the case in the manner it did was not an abuse of discretion. Accordingly, we find no error with the trial court's imposition of the maximum sentence allowable by law.
¶ {31} Lastly, in reviewing the sentence we must examine the post release control notification. In State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, the Ohio Supreme Court stated: "When a defendant is convicted of or pleads guilty to one or more offenses and post release control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense."
¶ {32} Here, the post release control advisement was provided and it clearly complied with the law. 04/22/08 J.E.; 03/03/08 Tr. 17; 04/21/08 Tr. 22. Thus, there is no error.
¶ {33} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
 Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1