[Cite as *State v. Baker*, 2013-Ohio-900.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   11 BE 40 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| CRAIG DEAN BAKER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                              Court, Case No. 11CR156.


JUDGMENT:                                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                       Attorney Christopher Berhalter
                                                          Prosecuting Attorney
                                                          Attorney Daniel Fry
                                                          Assistant Prosecuting Attorney
                                                          147-A West Main Street
                                                          St. Clairsville, Ohio  43950


For Defendant-Appellant:                  Attorney Thomas Ryncarz
                                                          3713 Central Avenue
                                                          Shadyside, Ohio  43947


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                                          Dated:  March 11, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Craig Dean Baker appeals the sentence entered by the Belmont County Common Pleas Court upon his guilty pleas to four counts of unlawful sexual conduct with a minor. He contends that the court abused its discretion in ordering his four six-year sentences to run consecutively. He also argues that defense counsel was ineffective at sentencing by failing to ask for concurrent sentences and by failing to present mitigating evidence. For the following reasons, the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} Appellant, who was forty-two years of age at the time of the offense, met a fourteen-year-old girl on the internet in November of 2010 while they were playing an online game. She apparently told him that she was nineteen. They conversed online, in telephone calls, and in text messages. They told each other that they loved each other, had "cyber-sex" in the online game, exchanged photographs of themselves (including close-ups of their private parts), and engaged in "phone sex."

{¶3} In June of 2011, appellant traveled from Iowa to Belmont County, Ohio to meet the girl. He stayed in the woods behind her mother's house for five days. When the mother left for work, appellant entered the house and had sexual intercourse with the girl. This occurred four times while he lived in the woods.

{¶4} He was indicted on four counts of unlawful sexual conduct in violation of R.C. 2907.02(A), which provides that no person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard. R.C. 2907.02(A). The offense is a third-degree felony if the offender is ten or more years older than the victim. R.C. 2907.02(B)(3). However, if the offender has been previously convicted of certain sex offenses, then the offense is a felony of the second degree. R.C. 2907.02(B)(4). As appellant had such a prior conviction, he was charged with second-degree felonies.

{¶5} Appellant pled guilty as charged. The written plea states that the defense requests concurrent sentencing and that the state agrees to stand silent at sentencing. The sentencing hearing was held on October 28, 2011. The court labeled appellant a tier II sex offender, sentenced him to six years on each offense, and ordered the sentences to be served consecutively, for a total sentence of 24 years. Appellant filed timely notice of appeal.

<u>ASSIGNMENT OF ERROR NUMBER ONE</u>

{¶6} Appellant sets forth two assignments of error, the first of which provides:

{¶7} "THE TRIAL COURT COMMITTED ERROR IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING SAID SENTENCES UPON THE APPELLANT."

{¶8} Under the two-fold approach to our review of a sentence, we first ensure that the sentence is not clearly and convincingly contrary to law, and we then determine whether the trial court abused its discretion in selecting the sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4, 17-18 (O'Connor, J., plurality); *State v. Mann*, 7th Dist. No. 08JE12, 2008-Ohio-6365, ¶ 24 (adopting plurality decision). An abuse of discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). In the context of felony sentencing, an abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighed the factors in R.C. 2929.11 and R.C. 2929.12. *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, ¶ 34.

{¶9} Appellant was sentenced to six years on each offense for which the statutory range was two to eight years. *See* R.C. 2929.14(A)(2). In imposing the sentence, the trial court declared that it had considered the purposes and principles of sentencing and that it weighed the seriousness and recidivism factors. The court then set forth findings regarding the pertinent factors. Appellant acknowledges that the sentence was not clearly and convincingly contrary to law. Rather, he urges that

running the sentences consecutively was an abuse of discretion as the trial court unreasonably weighed the sentencing factors.

{¶10} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions to accomplish this without imposing an unnecessary burden on government resources. R.C. 2929.11(A). The sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense and the public. *Id.* The sentence should be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). In applying these purposes and principles, the court shall consider the non-exclusive list of seriousness and recidivism factors contained in R.C. 2929.14(B)-(E). R.C. 2929.12(A).

{¶11} The seriousness factors indicating that the offender's conduct is more serious than conduct normally constituting the offense include: (1) the victim's physical or mental injury was exacerbated due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3-5) relating to the offender's public office, position of trust in the community, or profession; (6) the offender's relationship with the victim facilitated the offense; (7) the offender committed the offense for hire or as a part of an organized criminal activity; (8) the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; and (9) certain offenses against family or household members. R.C. 2929.14(B).

{¶12} The seriousness factors that indicate that the offender's conduct is less serious than conduct normally constituting the offense include: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.14(C).

{¶13} The recidivism factors indicating that the offender is likely to commit future crimes include: (1) at the time of the offense, the offender was under release from confinement before trial or sentencing, was under a sentencing sanction or post-release control for an earlier offense, or had been unfavorably terminated from post-release control for a prior offense; (2) the offender has prior delinquency adjudications or a criminal history; (3) the offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child or the offender has not responded favorably to sanctions previously imposed for criminal convictions; (4) the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense and fails to recognize the pattern or refuses treatment; and (5) the offender shows no genuine remorse for the offense. R.C. 2929.14(D).

{¶14} The recidivism factors indicating that the offender is not likely to commit future crimes include: (1) prior to committing the offense, the offender was not adjudicated a delinquent child; (2) prior to committing the offense, the offender was not convicted of a criminal offense; (3) prior to committing the offense, the offender led a law-abiding life for a significant number of years; (4) the offense was committed under circumstances not likely to recur; and (5) the offender shows genuine remorse for the offense. R.C. 2929.14(E).

{¶15} As for seriousness factors here, it is acknowledged that appellant did not cause physical harm to person or property. *See* R.C. 2929.14(C)(3). As the court emphasized, the victim was fourteen. The court found that the offense was exacerbated due to her age and that she suffered psychological and emotional harm. *See* R.C. 2929.14(B)(1). Although the court called it presumptive harm, the mother provided a victim impact statement expressing that the victim was having emotional problems as a result of the relationship. Appellant complains that the victim's age should not be considered because the offense necessarily involves a child of thirteen, fourteen, or fifteen. However, this does not erase the fact that the offense is one involving a minor victim (as opposed to an adult victim of some other second degree felony).

**{¶16}** As the trial court stated, appellant's relationship facilitated the offense as it was his lengthy internet relationship that cultivated the girl's interest and willingness to finally meet in person. *See* R.C. 2929.14(B)(6). The court also found that appellant demonstrated a proclivity to act impulsively and an abject failure to appreciate the seriousness of his actions. *See* R.C. 2929.14(B) (non-exclusive list). That is, a forty-two year old man traveled hundreds of miles by bus to live in the woods behind a house to rendezvous with a girl he met online, sneaking in to have sex after the girl's mother left for work. The age difference is a pertinent sentencing factor as well; as the court pointed out, appellant's three children are all older than this minor victim.

**{¶17}** The court did not find that the victim induced or facilitated the offense, and appellant does not argue this now, likely because the victim was a fourteen-year-old girl being courted by a forty-two year old male. See R.C. 2929.14(C)(1). Although he stated in the presentence investigation report that she told him she was nineteen, he pled guilty to the offenses and thus did not contest that he was reckless in his judgment as to her age (at least after she first allegedly claimed she was 19). Notably, photographs had been exchanged in the months of their courtship, they spoke on the telephone, and he viewed her Facebook page. Moreover, after the first personal encounter, the severity of the offense could be seen to have increased as it would have become clearer each time he saw her in person that she was not as old as she originally stated. In fact, he admitted to police that she seemed younger than she claimed when he saw her in person for the first time.

**{¶18}** As for recidivism, appellant had been convicted in 2006 of a sex offense in Iowa. *See* R.C. 2929.14(D)(2). This offense also involved a minor. He had been sentenced to ten years in prison on that offense and was released early on parole. *See* R.C. 2929.14(D)(1). He met the victim online soon after his release. He was a registered sex offender when he met the victim. Thus, he failed to respond to prior sanctions for a similar offense, even after being imprisoned for multiple years. *See* R.C. 2929.14(D)(3). Appellant also had a prior domestic violence conviction which resulted in one year of probation, a prior theft conviction, and a prior drunk driving

conviction.  *See* R.C. 2929.14(D)(12).  Considering these facts and the fact that appellant was forty-two years of age, his focus on the absence of juvenile offenses is misguided as that factor is hardly relevant under these circumstances.  *See* R.C. 2929.14(D)(2).

{¶19} Likewise, it cannot be said that appellant led a law-abiding life for a significant number of years prior to the offense as he had been in prison for a similar offense in the years prior to this offense.  *See* R.C. 2929.14(E)(3).  It also cannot be said that the offense was committed under circumstances not likely to recur.  *See* R.C. 2929.14(E)(4).

{¶20}  The court noted that appellant seemed to have served honorably in the United States Air Force for a year (although, this had not been verified), that he expressed remorse at sentencing, and that the victim was spared from testifying due to appellant's guilty plea.  Still, the court believed that appellant lacked genuine remorse and concern for the victim and that he failed to appreciate the serious consequences that his acts had on the victim, her family, and the community.  *See* R.C. 2929.14(E)(5).  The court concluded that appellant poses a threat to society for future sexually deviant acts with children due to his established pattern of sexual violations and his minimization of his actions.

{¶21} Although running each six-year sentence consecutively for a total of twenty-four years may seem like a long sentence for a non-violent offense against a person who appellant considers a consenting victim, appellant did engage in sexual conduct with a fourteen-year-old on four separate days.  It could be noted that the maximum sentence was eight years on each count for a total of thirty-two years if run consecutively.  Considering all of these circumstances, especially the fact that he was on parole for a sexual offense against a minor during his relationship with this minor, we conclude that it was not unreasonable, arbitrary, or unconscionable for the trial court to determine that the sentences should be run consecutively.  This assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER TWO

{¶22}  Appellant's second assignment of error contends:

**{¶23}** "THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO REPRESENTATION BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT HIS SENTENCING HEARING."

**{¶24}** To prove an allegation of ineffective assistance of counsel, the defendant must satisfy the two-prong *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must establish that counsel's performance fell below an objective standard of reasonable representation. *Id.* at 687. Second, he must show that he was prejudiced by that deficient performance. *Id.* A defendant can establish prejudice by showing that, but for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, ¶ 3 of syllabus.

**{¶25}** In arguing ineffective assistance of counsel at sentencing, appellant complains that counsel did not present arguments at the sentencing hearing. He argues that counsel should have asked the court to impose concurrent sentences as appellant had asked in his written plea agreement. Appellant also contends that counsel should have presented mitigating evidence such as testimony from appellant's family. And, he urges that counsel should have inquired into whether a mental health evaluation had been conducted, noting that counsel asked at the plea hearing if one would be conducted and the court stated that it would like one. (Plea Tr. 10).

**{¶26}** The failure to present evidence at sentencing is often a strategic decision. *See State v. Keith*, 79 Ohio St.3d 514, 530, 684 N.E.2d 47 (1997) (capital case); *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719 at ¶ 65. We have thus held that counsel's silence at sentencing was not deficient performance as it may have been a tactical decision. *State v. Maguire*, 7th Dist. No. 08MA188, 2009-Ohio-4393, ¶ 20. We noted that the defendant himself spoke at sentencing, expressing his remorse. *Id.* We alternatively stated that even if there was deficient performance, prejudice was not established because there was nothing to suggest that the sentence would have been different had counsel asked for concurrent sentences. *Id.* at 21.

**{¶27}** The same holds true in this case. Appellant exercised his allocution rights at sentencing, expressing his apologies to the victim and her family. The court had before it a victim impact statement and a presentence investigation report. Appellant had a prior sexual offense against a minor for which he had been recently released. He was a registered sex offender. The court had before it appellant's request for concurrent sentencing which was part of the written plea involving the state's agreement to stand silent. There is nothing to indicate the court would have run the sentences concurrently if only counsel would have asked verbally.

**{¶28}** As to the failure to present evidence, there is no indication that mitigating evidence would have even existed. That is, we do not know if his family was willing to present evidence or if a mental health evaluation would have been beneficial. Thus, these are not topics for direct appeal. *See Adams*, 7th Dist. No. 08MA246 at ¶ 66-67 (reopening denied as potential availability of favorable expert testimony for capital case was speculative and de hors the record). Finally, it can also be a tactical decision to avoid blaming the victim in a case such as this. Accordingly, this assignment of error is overruled.

**{¶29}** For the foregoing reasons, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.