[Cite as *State v. Baker*, 2013-Ohio-2553.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 BE 40 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| CRAIG DEAN BAKER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Application for Reopening.


JUDGMENT:                                        Application for Reopening Denied.


APPEARANCES:
For Plaintiff-Appellee:                        Attorney Christopher Berhalter
                                                        Prosecuting Attorney
                                                        Attorney Daniel Fry
                                                        Assistant Prosecuting Attorney
                                                        147-A West Main Street
                                                        St. Clairsville, Ohio  43950


For Defendant-Appellant:                    Craig Dean Baker, *Pro se*
                                                        #A614-660
                                                        Belmont Correctional Institution
                                                        P.O. Box 540
                                                        St. Clairsville, Ohio  43950


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                                        Dated:   June 17, 2013

[Cite as *State v. Baker*, 2013-Ohio-2553.]
PER CURIAM.

¶{1} Defendant-appellant Craig Dean Baker requests that we reopen his appeal, claiming that appellate counsel should have argued that his total sentence of 24 years was unduly harsh and thus an abuse of discretion. As established infra, this contention was essentially raised by appellate counsel and addressed by this court in the direct appeal. Consequently, the application to reopen is denied.

### STATEMENT OF THE CASE

¶{2} Appellant pled guilty in the Belmont County Common Pleas Court to four counts of unlawful sexual conduct with a minor. The offenses were second degree felonies because he was more than ten years older than the victim and because he had been previously convicted of a certain sex offense. *See* R.C. 2907.02(B)(3),(4). Specifically, he was 42 years old while the victim was 14 years old, and he had been convicted in 2006 of a sex offense involving a minor (for which he was a registered sex offender). The court sentenced him to six years on each count and ordered the sentences to be served consecutively for a total of 24 years.

¶{3} In the direct appeal, appellate counsel raised two assignments of error: (1) the trial court erred and abused its discretion in imposing consecutive sentences; and (2) trial counsel rendered ineffective assistance at sentencing by not verbalizing the written request for concurrent sentences, by failing to present mitigating evidence, and by failing to inquire into whether a mental health evaluation had been conducted. On March 1, 2013, we overruled both assignments of error and upheld the trial court's judgment. *State v. Baker*, 7th Dist. No. 11BE40, 2013-Ohio-900. On May 15, 2012, appellant filed the within timely application to reopen his appeal under App.R. 26(B).

### LAW

¶{4} A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence based upon a claim of ineffective assistance of counsel. App.R. 26(B)(1). The defendant must set forth one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits or that were considered on an incomplete record due to appellate counsel's deficient performance. App.R. 26(B)(2)(c). An application for reopening shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5).

**¶{5}** Thus, in determining whether a defendant-appellant has received ineffective assistance of appellate counsel, we apply the two-pronged analysis from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) conduct that fell below an objective standard of reasonableness, and (2) a reasonable probability the results would have been different. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10-11. Thus, the applicant must prove that counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *Id.* at ¶ 11, citing *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001). In seeking reopening, the appellant bears the burden of demonstrating that there is a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of appellate counsel. *Id.*, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

**¶{6}** Appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Counsel is expected to focus on strong arguments and winnow out the weaker ones as it is said that the receptiveness of the reviewing court declines as the number of assigned errors increases. *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶ 8-12, citing *Jones*, 463 U.S. at 751–752 ("Multiplicity hints at lack of confidence in any one [argument]").

ANALYSIS

**¶{7}** The sole assignment of error appellant claims that appellate counsel was deficient for failing to raise is:

**¶{8}** "APPELLANT'S SENTENCE OF 24 YEARS WAS UNDULY HARSH AND NOT SUPPORTED BY THE RECORD, AND THEREFORE CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION."

**¶{9}** Besides stating that appellate counsel was deficient for failing to specify this issue, appellant claims that the outcome of the appeal would have been different had the issue been raised. However, appellate counsel essentially raised this issue and this court essentially addressed this issue in the direct appeal. That is, the first assignment of error set forth by counsel was:

¶{10} "THE TRIAL COURT COMMITTED ERROR IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING SAID SENTENCES UPON THE APPELLANT."

¶{11} In support of this assignment of error, appellate counsel urged that the trial court unreasonably weighed the sentencing factors and made arguments suggesting that a less harsh sentence was warranted. The assignment and the arguments presented in support thereof are equivalent to the current contention that the aggregate sentence of 24 years was an abuse of discretion because it is unduly harsh.

¶{12} Regardless, this court addressed the propriety of appellant's sentence and analyzed whether it was unreasonable, arbitrary, or unconscionable and thus an abuse of discretion. See *Baker*, 7th Dist. No. 11BE40, ¶ 8, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980) (setting forth the test of an abuse of discretion). We began by setting forth the test for reviewing sentences. *Id.*, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4, 17-18, and citing *State v. Mann*, 7th Dist. No. 08JE12, 2008-Ohio-6365, ¶ 24.

¶{13} We noted in sentencing appellant, the trial court considered the purposes and principles of sentences, weighed the seriousness and recidivism factors, and set forth the factors it found pertinent. *Id.* We detailed the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. *Id.* at ¶ 10-14.

¶{14} We then applied the factors to appellant's case. *Id.* at ¶ 15-20.

¶{15} For instance, the victim was 14, the age difference was great, she suffered emotional harm, the offense was facilitated by his relationship with the victim (which was cultivated over the internet through means including cyber-sex and exchanged photographs of their private parts), he traveled from Iowa by bus to sleep in her woods and sneak into her house after her mother left for work, he admitted she seemed even younger in person, he had a 2006 conviction in Iowa for a sex offense involving a minor (for which he had been sentenced to ten years and released early on parole), he was a registered sex offender and thus failed to respond to a prior sanction for a similar offense, and he also had prior convictions of domestic violence, theft, and drunk driving. *See Id.* We recognized that the trial court opined that appellant lacked

genuine remorse and concern for the victim and that he was a threat to society for future sexually deviant acts with minors due to his established pattern of sexual violations and his minimizations of his actions. *Id.* at ¶ 29.

**¶{16}** Finally, we pointed out that appellant was sentenced to consecutive six-year sentences for a total of 24 years in prison where he faced the possibility of being sentenced to consecutive eight-year sentences for a total of 32 years in prison. *Id.* at ¶ 9, 21. We concluded that it was not unreasonable, unconscionable, or arbitrary to sentence appellant consecutively. *Id.* at ¶ 21. Thus, this court had already addressed the issue of whether the total sentence of 24 years was an abuse of discretion. The application for reopening is thus denied.

**¶{17}** We note that, at the end of the application, appellant states in a conclusion that he "also has two other error[s] which the Appellant believes would be a valid assignment of error in an appeal." He then mentions ineffective assistance of counsel in failing to file a suppression motion and an abuse of discretion at sentencing in failing to consider R.C. 2929.11(B), stating that the sentence was grossly disproportionate.

**¶{18}** However, appellant failed to meet his burden to establish a colorable claim of ineffective assistance on these matters by merely phrasing a potential assignment of error. For instance, there is no claim regarding why a suppression motion would have been required to avoid rendering deficient assistance (i.e. what should have been suppressed) or why the motion would have been outcome-determinative. In fact, if no suppression motion was filed, then there was no suppression hearing, and appellant pled guilty, so there was no trial record. Appellant has failed to establish that there is an indication in the record that appellate counsel could have a raised a suppression issue on direct appeal.

**¶{19}** As to his proportionality suggestion, this court reviewed the provisions of R.C. 2929.11 in the direct appeal. We cited to R.C. 2929.11(B) and specified that the sentence should be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim and consistent with sentences imposed for similar crimes committed by similar offenders. *Baker*, 7th Dist. No. 11BE40, ¶ 8, 10. We then conducted a general review for abuse of discretion in imposing four six-year sentences consecutively. There is no indication that had

appellate counsel pinpointed the proportionality aspect of the purposes and principles of sentencing, this court would have reversed. As aforementioned, counsel is expected to focus on strong arguments and winnow out the weaker ones. *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶ 8-12, citing *Jones*, 463 U.S. at 751-752.

**¶{20}** In addition, no cases with similar defendants and circumstances are mentioned as existing to support a proportionality challenge. Thus, no colorable claim concerning ineffectiveness on the topic of proportionality was presented in the reopening application. *See, e.g. State v. Marcum*, 7th Dist. No. 10CO17, 2012-Ohio-2721 (where appellant sought reopening because appellate counsel did not raise any sentencing issue).

**¶{21}** In fact, appellant's application for reopening does not even allege that counsel was deficient or that outcome determinative prejudice exists with regards to these two final potential assignments of error. Likewise, the sworn statement required by App.R. 26(B)(2)(d) does not mention these final two issues. Rather, his allegations of ineffective assistance of appellate counsel revolve around the unduly harsh sentence claim, and the other two appear to be mentioned merely as potential issues should reopening be granted on the main issue. However, we concluded supra that the main issue was in essence already raised and in fact already analyzed.

**¶{22}** For all of these reasons, the application for reopening is hereby denied.

Vukovich, J., concurs.
Donofrio, J., concurs.
DeGenaro, P.J., concurs.